1  Howard S. Levine, SBN 137009
   howard@cypressllp.com
2  Tania Moyron
   tania@cypressllp.com
3  Anastasija Snicarenko, SBN 287613
   anastasija@cypressllp.com
4  CYPRESS LLP
   11111 Santa Monica Boulevard, Suite 500
5  Los Angeles, California 90025
   Telephone:  (424) 901-0123
6  Facsimile:  (424) 750-5100

7  [Proposed] Counsel to Chapter 11
   Debtor and Debtor in Possession

8

9

10                 **UNITED STATES BANKRUPTCY COURT**

11                 **CENTRAL DISTRICT OF CALIFORNIA**

12                      **LOS ANGELES DIVISION**

13

14  In re:                              ) Case No.: 2:14-bk-23301-RK
                                        )
15  Domum Locis LLC                     )
                                        ) NOTICE OF MOTION AND MOTION TO
16                Debtor.               ) APPROVE RESIDENTIAL LEASE
                                        ) AGREEMENTS; MEMORANDUM OF
17                                      ) POINTS AND AUTHORITIES;
                                        ) DECLARATION OF MICHAEL J.
18                                      ) KILROY IN SUPPORT THEREOF
                                        )
19                                      )
                                        ) Date:  August 5, 2014
20                                      ) Time:  2:30 p.m.
                                        ) Place: 255 East Temple Street, Crtrm. 1675
21                                      )        Los Angeles, California, 90012
                                        )
22                                      )
                                        )
23                                      )
                                        )
24                                      )
   _____ )
25

26

27

28

CYPRESS, LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

1    **PLEASE TAKE NOTICE** that, pursuant to Local Bankruptcy Rules 2081-1(a)(9), 4001-

2    2 and 9075-1, 11 U.S.C. Sections 361 and 363(c), and Rules 4001 and 9014 of the Federal Rules

3    of Bankruptcy Procedure ("Bankruptcy Rules"), Domum Locis LLC, the debtor and debtor in

4    possession herein in the above captioned case, hereby moves (the "Motion"), for approval of the

5    residential lease agreements between the Debtor and Michael J. Kilroy for the properties located

6    at 1308 N. Flores Street, West Hollywood, California 90069 and 424 W. Vista Chino, Palm

7    Springs, California 92262.

8        **PLEASE TAKE FURTHER NOTICE** that the Motion is based upon this Notice of

9    Motion and Motion, the attached Memorandum of Points and Authorities, the Kilroy Declaration,

10   the records and files in this chapter 11 case, and such additional evidence and argument as may be

11   presented at or before the hearing on the Motion.

12       **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-

13   1(f), a formal response to the Motion must be filed with the Bankruptcy Court and served on

14   counsel for the Debtor at least fourteen (14) days before the hearing.  Pursuant to Local

15   Bankruptcy Rule 9013-1(h), failure to file and serve timely a response in accordance with the

16   Local Bankruptcy Rules may be deemed by the Bankruptcy Court to be consent to the granting of

17   the relief requested in the Motion.

18

19   Dated:  July 14, 2014                        CYPRESS, LLP

20                                               By: _____

21                                               Howard S. Levine
                                                 Anastasija Snicarenko
22                                               [Proposed] Counsel to Chapter 11
                                                 Debtor and Debtor in Possession

23

24

25

26

27

28

---

NOTICE OF MOTION AND MOTION TO APPROVE RESIDENTIAL LEASE AGREEMENTS

1  **TO THE HONORABLE ROBERT N. KWAN, UNITED STATES BANKRUPTCY**

2  **JUDGE:**

3      Domum Locis LLC the Debtor and Debtor in Possession ("Debtor" or "Domum Locis") in

4  the above captioned Chapter 11 bankruptcy case, hereby files its *Motion to Approve Entry Into*

5  *New Lease Agreements* (the "Motion"), and in support thereof respectfully submits as follows.

6                  **MEMORANDUM OF POINTS AND AUTHORITIES**

7  **I.    STATEMENT OF FACTS**

8          **A. BACKGROUND**

9      On July 11, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief

10  under Chapter 11 of 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"). Since the commencement

11  of this case, the Debtor has been operating its business as a debtor in possession pursuant to

12  sections 1107 and 1108 of the Bankruptcy Code.

13      The Debtor owns three residential real properties (collectively, the "Properties") more

14  commonly known and described as (i) 1614-1618 The Strand, Hermosa Beach, California (the

15  "Strand Property"), (ii) 1308 - 1312 N. Flores Street and 8313A - 8319A Fountain Ave., West

16  Hollywood, California 90069 (the "North Flores Property"), and (iii) 424 W. Vista Chino, Palm

17  Springs, California 92262 (the "Vista Chino Property"). Kilroy Declaration ("Decl.") ¶ 4.

18      The Strand Property is a multi-family residential building that is comprised of a

19  beachfront duplex with four bedrooms and four baths on a 2,396 square-foot lot. The North Flores

20  Property is a multi-family residential building that is comprised of eight units (including three

21  town homes, one two-bedroom apartment, three one-bedroom apartments, one home), multiple

22  garages and a small storage building on a 22,521 square-foot lot. The Vista Chino Property is a

23  residential building that is comprised of a main house with two bedrooms, a four-bedroom guest

24  bungalow, and one bedroom caretaker cottage on a 34,412 square-foot lot. Kilroy Decl. ¶ 5.

25      Both, the Strand Property and the North Flores Property are occupied by residential tenants

26  pursuant to the nine unexpired leases and currently generate approximately $245,244 annual rental

27  income. Decl. ¶ 6.

28

CYPRESS, LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

## B. DISPUTE WITH LLOYDS AND APPOINTMENT OF THE RECEIVER

Between December 2006 and May 2007 and prior to the Debtor's formation, Michael J. Kilroy ("Kilroy"), the managing member of the Debtor, borrowed approximately $9,240,000 from Lloyds Bank TSB ("Lloyds"), $7,140,000 of which was secured by the North Flores Property ($4,620,000) and the Vista Chino Property ($2,520,000) (the "Loan Agreements"). Kilroy Decl. ¶ 7. As a result of the Lloyds' violations of the several provisions of the Loan Agreements, namely, the provision on the principal cap and the interest rate provision, and after futile attempts by Kilroy to convince Lloyds to rectify its breach, Kilroy ceased making the loan payments under the Loan Agreements in 2009. Kilroy Decl. ¶ 7.

On November 21, 2011, Lloyds filed complaints against Kilroy for injunctive relief and appointment of the receiver. Kilroy Decl. ¶ 8. On December 1, 2011 and May 1, 2012 respectfully, the court appointed Robert C. Warrren III (the "Receiver"), as a rent and profits receiver with respect to the Vista Chino and North Flores Properties. Kilroy Decl. ¶ 8. After the appointment of the Receiver, Kilroy formed the Debtor and transferred his interest in the Properties to the Debtor to limit his personal liability based on the Receiver's mismanagement of the Properties, as well as for business organizational reasons, and estate planning purposes. [1] Kilroy Decl. ¶ 8.

Kilroy has been occupying the 1308 North Flores Street, West Hollywood, California, a unit at the North Flores Property ("1308 North Flores Property"), since prior to the appointment of the Receiver until the present without providing monetary compensation to the Debtor. Kilroy Decl. ¶ 9. The Receiver did not attempted to lease the 1308 North Flores Property or demand any rent payment from Kilroy for approximately two years, from the time the Receiver was appointed until June 4, 2014. Kilroy Decl. ¶ 9. On June 4, 2014, Martha S. Sullivan ("Sullivan"), an attorney for Lloyds, sent the Receiver a letter suggesting that the Receiver lease the 1308 North Flores Property

---

[1] The dispute between Kilroy and Lloyds and facts surrounding the appointment of the Receiver are described more fully in the *Debtor's Motion For Interim And Final Orders: (I) Authorizing Debtor To Utilize Cash Collateral Pursuant To 11 U.S.C. § 363; (II) Granting Adequate Protection To Pre-Petition Secured Parties Pursuant To 11 U.S.C. §§ 361, 362, 363; And (III) Scheduling Final Hearing Pursuant To Bankruptcy Rule 4001(B) and Declaration of Michael J. Kilroy in support thereof* that is filed concurrently with this Motion.

CYPRESS, LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

at the rental rate of at least $3,000 a month. A true and correct copy of the letter from Sullivan to the Receiver is attached hereto as Exhibit "A" and incorporated in full by this reference. As more fully described below, the Debtor proposes to lease the 1308 North Flores Property at the equivalent monthly rate of $8,533, which is $5,533 more than the monthly rate requested by Lloyds.

### C. PROPOSED LEASE AGREEMENTS

Through this Motion, the Debtor seeks authority to enter into two lease agreements with Kilroy for the 1308 North Flores Property (the "North Flores Lease") and for the Vista Chino Property (the "Vista Chino Lease"). Both leases are for the term of one year. After the expiration of the one-year term, the Vista Chino Lease and the North Flores Lease extend on a month-to-month basis. True and correct copies of the North Flores Lease and the Vista Chino Lease (collectively, the "Lease Agreements") are attached hereto as Exhibits "B" and "C," respectively.

Kilroy's monthly payment under the North Flores Lease would be comprised of a base rent of $4,000 a month and the obligation to pay the property taxes of approximately $54,400 semi-annually, which equates to a monthly rental rate of $8,533. Kilroy's monthly payment under the Vista Chino Lease would be comprised of a base rent of $4,000 a month and the obligation to pay the annual property taxes of approximately $18,900 semi-annually, which equates to a monthly rental rate of $5,575. Kilroy Decl. ¶ 11. As evidenced by the rental rates for the comparable properties (discussed more fully below), the proposed rent is equal to or higher than the fair market rate and will bring additional annual income of $169,300 to the Debtor's estate.

Furthermore, to provide additional protection to the estate, Kilroy agrees that if during the term of the lease, any creditor or party in interest can identify a tenant who is ready, willing and able to enter into a lease agreement for the 1308 North Flores Property or the Vista Chino Property and pay a higher monthly rental rate than the rate under the Lease Agreements, then the Debtor will promptly file a motion seeking approval of the new lease and Kilroy will either (i) have the right to match or increase the proposed new monthly rent amount; or (ii) be required to vacate the Properties within sixty days (60) of the Court order approving the new lease agreements. Kilroy Decl. ¶ 12.

CYPRESS, LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

1    II.    **RELIEF REQUESTED**

2        The Debtor seeks the entry of an order under Bankruptcy Code § § 105(a), 363(b), and

3    1108 approving the Debtor's entry into the Lease Agreements.

4        In the exercise of the Debtor's business judgment, the Debtor has determined that it is in

5    the best interest of the Debtor's estate, its creditors, and all parties-in interest for the Debtor to

6    enter into the Lease Agreements.

7        A.    **The Proposed Transaction is Within the Debtor's Business Judgment and in**

8            **the Best Interest of the Estate and Should be Approved**

9        This court may grant the relief requested herein pursuant to § 105(a)(b)(1) of the

10    Bankruptcy Code, and Local Bankruptcy Rule 9013-1(g).  Section 105(a) if the Bankruptcy Code

11    provides as follows:

12            "The Court may issue any order, process, or judgment that is necessary or

13            appropriate to carry out the provisions of this title."

14    11 U.S.C. § 105(a).

15        This section provides bankruptcy courts with broad authority and discretion to enforce the

16    provisions of the Bankruptcy Code under either specific or statutory or equitable common law

17    principles.

18        The purpose of § 105(a) is to "assure the bankruptcy court['s] power to take whatever

19    action is appropriate or necessary in aid of the exercise of its jurisdiction."2 Collier on

20    Bankruptcy ¶ 105.01, at 105-3 (15th ed., rev. 2003).  Thus, § 105(a) essentially codifies the

21    bankruptcy court's inherent equitable powers. *See In re Management Tech. Corp.,* 56 B.R. 337,

22    339 (Bankr. D.N.J. 1985) (court's equitable power is derived from § 105).

23        Furthermore, the Bankruptcy Court has authority to approve non-ordinary course

24    transactions under § 363(b). Section 363(b)(1) of the Bankruptcy Code allows a Court to

25    authorize a debtor to enter into a transaction outside the ordinary course of business following

26    notice and a hearing.  *In re Crystal Apparel, Inc.*, 220 B.R. 816, 829-30 (Bankr. S.D.N.Y. 1998).

27    Local Bankruptcy Rule 9013-1(o) provides that a motion brought under § 363(b)(1) of the

28    Bankruptcy Code may be determined upon notice and an opportunity to request a hearing.

CYPRESS, LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

CYPRESS, LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

1    Section 363(b)(1) of the Bankruptcy Code does not set forth a standard for determining

2  when it is appropriate for a court to authorize a transaction outside the ordinary course of

3  business. However, many courts, including the Court of Appeals for the Ninth Circuit have

4  followed the lead established by Second Circuit Court of Appeals in *Committee of Equity Security*

5  *Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070-1071 (2nd Cir. 1983) (the court

6  may approve a transaction if the movant has established "some articulated business justification

7  for the transaction"); *see also Walter v. Sunwest Bank (In re Walter)*, 83 B.R. 14, 19-20 (9th Cir.

8  BAP 1988) ("…there must be some articulated business justification for using, selling, or leasing

9  the property outside the ordinary course of business…[.] Whether the proffered business

10  justification is sufficient depends on the case"). Thus, the approval of a transaction outside the

11  ordinary course of business should be based upon the Debtor's reasonable business judgment.

12  *See Institutional Creditors of Continental Airlines, Inc. v. Continental Airlines, Inc. (In re*

13  *Continental Airlines, Inc.)*, 780 F.2d 1223, 1226 (5th Cir. 1986) (the decision must be based on

14  the debtor's reasonable business judgment); *In re Chateaugay Corp.*, 973 F.2d. 141 (2nd Cir.

15  1992) (holding that a judge determining § 363(b) application must find from the evidence

16  presented that a good business reason to grant such application exists); *In re Ernst Home Center,*

17  *Inc.*, 209 B.R. 974, 979 (Bankr W.D. Wash. 1997).

18    When the proposed transaction is between the Debtor and an insider of the Debtor, in

19  addition to finding that a good business reason exists for the transaction, "the court must still

20  determine that the proposed transfer or obligation is justified in the case before it. The court reads

21  this requirement as meaning that the court must make its own determination that the transaction

22  will serve the interests of creditors and the debtor's estate [. . .] and ensure creditors and the

23  debtor's estate are being properly cared for." *In re Pilgrim's Pride Corp.*, 401 B.R. 229, 237

24  (Bankr. N.D. Tex. 2009).

25    The Debtor respectfully submits that there is a good business justification for the approval

26  of the proposed Lease Agreements and the Lease Agreements will serve best interest of creditors

27  and the Debtor's estate because the proposed rent is equal to or higher than the fair market rate as

28

CYPRESS, LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

1    evidenced by the rental rates on the comparable properties and will bring additional annual

2    income of $169,300 into the Debtor's estate.

3        The proposed monthly rental rate under the North Flores Lease is equivalent to $8,533

4    ($4,000 monthly base rent payment and $4,533 in monthly equivalent of semi-annual property tax

5    payments), also higher than the lease for the comparable properties in the area. For instance, a six

6    bedroom single-family home a mile and a half away from the 1308 North Flores Property is

7    advertised for lease at $8,500 a month. The proposed monthly rate under the North Flores Lease is

8    higher notwithstanding the fact that the lease is for an apartment unit. Another four bedroom

9    comparable unit in West Hollywood area is advertised at $6,995. Similarly to the 1308 North Flores

10    Property, both comparable units are upgraded with new appliances. A true and correct copy of the

11    leasing listings for the 1308 North Flores comparable properties is attached hereto as Exhibit "D"

12    and fully incorporated by this reference.

13        The proposed monthly rental rate under the Vista Chino Lease is $5,575 ($4,000 monthly

14    base rent payment and $1,575 in monthly equivalent of semi-annual property tax payments), higher

15    than the rental rate on at least two comparable properties in the surrounding area. For instance, a

16    comparable four bedroom house located half a mile away from the Vista Chino Property is

17    advertised at a monthly rate of $4,900. In addition, a five bedroom private estate located in the area

18    of the Vista Chino Property is advertised at $5,500 a month. That property is located on a half an

19    acre lot in the private gated community and features a resort style swimming pool. A true and

20    correct copy of the leasing listings for the Vista Chino comparable properties is attached hereto as

21    Exhibit "E" and fully incorporated by this reference.

22        Moreover, in the June 4, 2014 letter to the Receiver, Sullivan stated that the Receiver shall

23    lease the 1308 North Flores Property at the reasonable market rental rate of at least $3,000 a month.

24    The proposed rental rate under the North Flores Lease is $5,533 greater than the rate requested by

25    Sullivan.

26        Lastly, to provide additional protection to the estate, Kilroy agrees that if during the term of

27    the lease, any creditor or party in interest can identify a tenant who is ready, willing and able to enter

28    into a lease agreement for the 1308 North Flores Property or the Vista Chino Property and pay a

1  higher monthly rental rate than the rate under the Lease Agreements, than the Debtor will

2  promptly file a motion seeking approval of the new lease and Kilroy will either (i) have the right to

3  match or increase the proposed new monthly rent amount; or (ii) be required to vacate the Properties

4  within sixty days (60) of the Court order approving the new lease agreements. Kilroy Decl. ¶ 12.

5       Based on the foregoing, the Debtor believes in the exercise of his sound business

6  judgment, that the terms of the Lease Agreements are fair and reasonable and that the approval of

7  the Lease Agreements is in the best interest of the Debtor's estate.  *See* Kilroy Decl. ¶ 14.

8       **B.**    **Adequate Notice of the Lease Agreements is Being Provided**

9       Notice of the Motion is being provided to all of the interested parties. The Debtor submits

10  that notice is sufficient and that this Motion provides all of the information required by

11  Bankruptcy Rules 6004 and 2002.

12  **II.**  **CONCLUSION**

13       **WHEREFORE**, the Debtor respectfully requests that the Court enter an order:

14       1)    granting the Motion in its entirety;

15       2)    authorizing the Debtor to enter into the Lease Agreements and to take all steps

16  required and/or contemplated by the Lease Agreements;

17       3)    granting such and other and further relief as the Court deems just and proper.

18

19  Dated:  July 14, 2014            CYPRESS, LLP

20

21                                By: _____

22                                   Howard S. Levine
                               Anastasija Snicarenko

23                                 [Proposed] Counsel to Chapter 11
                               Debtor and Debtor in Possession

24

25

26

27

28

CYPRESS, LLP

11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

## DECLARATION OF MICHAEL J. KILROY

I, Michael J. Kilroy, hereby declare as follows:

1.     I have personal knowledge of the facts set forth below, and if called to testify I would and could competently testify thereto.

2.     I am the managing member of Domum Locis LLC ("Domum Locis"), a debtor and debtor in possession in the above captioned case.

3.     Domum Locis commenced its bankruptcy case by filing a voluntary petition under Chapter 11 of 11 U.S.C §101 *et seq*. as amended (the "Bankruptcy Code") on July 11, 2014 (the "Petition Date"). Since the commencement of this case, the Debtor has been operating its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4.     The Debtor owns three residential real properties (collectively, the "Properties") more commonly known and described as (i) 1614-1618 The Strand, Hermosa Beach, California (the "Strand Property"), (ii) 1308 - 1312 N. Flores Street and 8313A - 8319A Fountain Ave., West Hollywood, California 90069 (the "North Flores Property"), and (iii) 424 W. Vista Chino, Palm Springs, California 92262 (the "Vista Chino Property").

5.     The Strand Property is a multi-family residential building that is comprised of a beachfront duplex with four bedrooms and four baths on a 2,396 square-foot lot. The North Flores Property is a multi-family residential building that is comprised of eight units (including three town homes, one two-bedroom apartment, three one-bedroom apartments, one home), multiple garages and a small storage building on a 22,521 square-foot lot. The Vista Chino Property is residential building that is comprised of a main house with two bedrooms, a four-bedroom guest bungalow, and one bedroom caretaker cottage on a 34,412 square-foot lot.

6.     Both, the Strand Property and the North Flores Property are occupied by residential tenants pursuant to the nine unexpired leases and currently generate approximately $245,244 annual rental income.

7.     Between December 2006 and May 2007 and prior to the Debtor's formation, I borrowed approximately $9,240,000 from Lloyds Bank TSB ("Lloyds"), $7,140,000 of which was secured by the North Flores Property ($4,620,000) and the Vista Chino Property ($2,520,000) (the

CYPRESS, LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

DECLARATION OF MICHAEL J. KILROY

"Loan Agreements"). As a result of the Lloyds' violations of the several provisions of the Loan Agreements, namely, the provision on the principal cap and the interest rate provision, and after my futile attempts to convince Lloyds to rectify its breach, I ceased making the loan payments under the Loan Agreements in 2009.

8.    On November 21, 2011, Lloyds filed complaints against me for injunctive relief and appointment of the receiver. On December 1, 2011 and May 1, 2012 respectfully, the court appointed Robert C. Warrren III (the "Receiver), as a rent and profits receiver with respect to the Vista Chino and North Flores Properties[1]. After the appointment of the Receiver, I formed the Debtor and transferred my interest in the Properties to the Debtor to limit my personal liability based on the Receiver's mismanagement of the Properties, as well as business organizational reasons, and estate planning purposes.

9.    I have been occupying the 1308 North Flores Street, West Hollywood, California, a unit at the North Flores Property ("1308 North Flores Property"),  since prior to the appointment of the Receiver until the present without providing monetary compensation to the Debtor. The Receiver did not attempt to lease the 1308 North Flores Property or demand any rent payment from me for approximately two years, from the time the Receiver was appointed until June 4, 2014. On June 4, 2014, Martha S. Sullivan ("Sullivan"), an attorney for Lloyds, sent the Receiver a letter suggesting that the Receiver lease the 1308 North Flores Property at the rental rate of at least $3,000 a month. A true and correct copy of the letter from Sullivan to the Receiver is attached hereto as Exhibit "A" and incorporated in full by this reference.

10.    I, in my capacity as the managing member of the Debtor, seek authority to enter into two lease agreements with me for the 1308 North Flores Property (the "North Flores Lease") and for the Vista Chino Property (the "Vista Chino Lease"). Both leases are for the term of one

---

[1] The dispute between Kilroy and Lloyds is described more fully in *Debtor's Motion For Interim And Final Orders: (I) Authorizing Debtor To Utilize Cash Collateral Pursuant To 11 U.S.C. § 363; (II) Granting Adequate Protection To Pre-Petition Secured Parties Pursuant To 11 U.S.C. §§ 361, 362, 363; And (III) Scheduling Final Hearing Pursuant To Bankruptcy Rule 4001(B) and Declaration of Michael J. Kilroy in support thereof* that is filed concurrently with this Motion.

CYPRESS, LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

year. After the expiration of the one-year term, the Vista Chino Lease and the North Flores Lease

extend on a month-to-month basis. True and correct copies of the North Flores Lease and the

Vista Chino Lease (collectively, the "Lease Agreements") are attached hereto as Exhibits "B" and

"C," respectively.

11.    My monthly payment under the North Flores Lease would be comprised of a base

rent of $4,000 a month and the obligation to pay the annual property taxes of approximately

$54,400 semi-annually, which equates to a monthly rental rate of $8,533. My monthly payment

under the Vista Chino Lease would be comprised of a base rent of $4,000 a month and the

obligation to pay the annual property taxes of approximately $18,900 semi-annually, which

equates to a monthly rental rate of $5,575. As evidenced by the rental rates for the comparable

properties, the proposed rent is equal to or higher than the fair market rate and will bring

additional annual income of $169,300 to the Debtor's estate.

12.    Additionally, I agree that if during the term of the lease, any creditor or party in

interest can identify a tenant who is ready, willing and able to enter into a lease agreement for the

1308 North Flores Property or the Vista Chino Property and pay a higher monthly rental rate than

the rate under the Lease Agreements, then the Debtor will promptly file a motion seeking approval

of the new lease and I will either (i) have the right to match or increase the proposed new monthly

rent amount; or (ii) be required to vacate the Properties within sixty days (60) of the Court order

approving the new lease agreements.

13.    As evidenced by the rental rates for the comparable properties and the June 4,

2014 letter from Sullivan to the Receiver, the proposed rent is equal to or higher than the fair

market rate and will bring additional annual income of $169,300 to the Debtor's estate. True and

correct copies of the rental rates for the comparable properties are attached as Exhibits "D" and "E."

14.    Thus, I believe that entering into the Lease Agreements is in the best interest of the

Debtor's bankruptcy estate. If the 1308 North Flores and Vista Chino Properties are unoccupied,

the value of the Debtor's estate will be greatly diminished, which will in turn decrease the value

of any claims by creditors in the Debtor's bankruptcy estate.

15.     I believe in the exercise of my sound business judgment, that the terms of the

Lease Agreements are fair and reasonable and that the approval of the Lease Agreements is in the

best interest of the Debtor's estate.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.  Executed on the 14th day of July, 2014 at Los Angeles, California.

Michael J. Kilroy

# EXHIBIT "A"



Squire Patton Boggs (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114

O +1 216 479 8500
F +1 216 479 8780
squirepattonboggs.com


Martha S. Sullivan
T +1 216.479.8425
martha.sullivan@squirepb.com

June 4, 2014

**VIA EMAIL & U.S. MAIL**

*Attn: Robert C. Warren*
*Receiver*
*Investors' Property Services*
*15707 Rockfield Blvd., Ste. 225*
*Irvine, CA 92618-2824*
*Robert.Warren@investorshq.com*

**Re:**    *1308 N. Flores St., West Hollywood, California*
      *Lloyds TSB Bank, PLC v. Kilroy, LASC Case No. BC474019*

Dear Mr. Warren,

As you know, the January 6, 2012 Order Confirming Appointment of Receiver and Preliminary Injunction in the above referenced action ("Receivership Order") provides, in relevant part:

> 7. **THE COURT ORDERS DEFENDANT** to do the following:
> a. Turn over property. Immediately turn over possession of the property described in Attachment 1 to the receiver when the appointment becomes effective, including any security deposits, prepaid rent, other rental or lease payments, and funds in property management bank accounts for the property.
>
> . . .
>
> d. **Restraints.** Refrain from
> (1) committing or permitting any waste on the property or any act on the property in violation of law or removing, encumbering, or otherwise disposition of any of the fixtures on the property;
> (2) demanding, collecting, or in any other way diverting or using any of the rents from the property;
> (3) interfering in any manner with the discharge of the receiver's duties under this order;

44 Offices in 21 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

Squire Patton Boggs (US) LLP

Robert C. Warren
Investors' Property Services
June 4, 2014

> (4) selling, transferring, disposing, encumbering, or concealing the property
> without a prior court order; and
> (5) doing any act that will impair the preservation of the property or plaintiff's
> interest in the property.

(Enclosure 1 [Receivership Order].)

It has come to our attention that defendant Michael J. Kilroy ("Defendant") currently occupies a unit at the 1308 North Flores Street, West Hollywood, California property (the "Property") which is the subject of the Receivership Order, and that he has been residing there since at least the date of the Receivership Order but has paid no rent to you during that time.

Defendant's occupancy of the Property is a direct violation of the loan agreements between Defendant and Plaintiff Lloyds TSB Bank plc, now known as Lloyds Bank plc (the "Bank"), which states:

**Purpose**

The purpose of the Facility is refinance existing borrowers against property  at 1308 North Flores Street, West Hollywood, California, U.S.A. ("the Property") and raise fund for personal use.

The premises are residential premises and will not be occupied by the Borrower or his family members.

(Enclosure 2 [Credit Facility Agreement at p. 2].)

Defendant's occupancy of Property and failure to pay any rent is also a direct violation of the Receivership Order which required Defendant to "immediately turn over possession of the property" to you on the date you were appointed the Property's receiver and also specifically prohibited Defendant from "demanding, collecting or in any other way diverting or using any of the rents from the property." (Enclosure 2 at Section 7.) Defendant's occupancy of a unit at the property without paying any rent for at least the last 28 months clearly constitutes an unlawful diversion of the rents from the Property in violation of the Receivership Order. Accordingly, the Bank hereby requests that you immediately order Defendant to vacate the Property as soon as possible.

Immediately removing Defendant from the Property and leasing the unit that he occupies is of critical importance given your May 29, 2014 letter which advised that you intend to formally request that the Bank advance approximately $55,000 to the Property in order to make up the shortfall between the Property's current receivership funds ($90,000) and the total amount required ($144,568) to enter into a five (5) year pay plan with the County of Los Angeles to repay the delinquent taxes on the Property. The fact that the Property, at its current rate of rent collection, is unable to satisfy the requirements of the payment plan for the outstanding property

Squire Patton Boggs (US) LLP

Robert C. Warren
Investors' Property Services
June 4, 2014

taxes clearly demonstrates that it is desperate for additional revenue and that all rental opportunities must be maximized without delay.

We understand that the reasonable market rental rate for the unit Defendant unlawfully occupies at the Property is at least $3,000 per month. Had a paying tenant, rather than Defendant, occupied this unit from the date of the January 2012 Receivership Order until the present, there would be no cash shortfall to enter into the five year property tax repayment plan you propose ($3000/month x 28 months = $84,000).

It has also come to our attention that Defendant transferred the Property by grant deed to *Domum Locis LLC, a California limited liability company (Enclosure 3)* despite the Receivership Order's requirement that Defendant refrain from "selling, transferring, disposing, encumbering, or concealing the property without a prior court order" and "doing any act that will impair the preservation of the property or plaintiff's interest in the property." Accordingly, the Bank hereby requests that you immediately order Defendant to transfer the Property back to Michael J. Kilroy, a single man.

*Please respond to this letter by no later than June 6, 2014 and advise if you will comply* with the Bank's requests to order the Defendant to immediately vacate the Property and transfer the Property back to Michael J. Kilroy.

Thank you for your prompt attention to this matter, and please contact me if you have any questions.

Very Truly Yours,

Squire Patton Boggs (US) LLP

FOR Martha S. Sullivan

3 Enclosures
1. The January 6, 2012 Receivership Order concerning the property.
2. The Loan Documents concerning the property.
3. Grant deed transferring the property to Domum Locis, LLC.

Cc: Frank Sandelmann (counsel of record for defendant Michael J. Kilroy)

# EXHIBIT "B"

## RESIDENTIAL LEASE/RENTAL AGREEMENT

1.      **Parties:**  This Residential Lease Agreement ("Lease") is entered into on July 15, 2014, between Domum Locis, LLC, a California limited liability company ("Lessor"), and Michael J. Kilroy ("Lessee").

2.      **Description of Premises:**   Lessor agrees to rent to Lessee the premises commonly known as 1308 North Flores Street in West Hollywood, California ("the premises"). The premises also include all built-in equipment and appliances, all lighting, carpeting, window coverings, pool equipment and parking rights.

3.      **Rent:**  Lessee will pay Four Thousand Dollars ($4000.00) rent per month, in advance, to Lessor, on the fifteenth (15th) day of each month.  Rent is payable in immediately available funds made payable to Domum Locis, LLC, or as directed, in writing, by Lessor.

       3.1      **Late Charges:**  Lessee agrees to pay a late charge of ten percent (10%) of the payment then due if the rent is not received by the tenth (10th) day of the month.  This late charge does not establish a grace period; Lessor may make written demand for payment if rent is not paid on its due date.  Lessor and Lessee agree that the charge is presumed to be the damages sustained because of Lessee's late payment of rent, and that it is impracticable or extremely difficult to fix the actual charges.

       3.2      **Returned Checks:**  Lessee agrees to pay a service charge of Thirty-five Dollars ($35.00) if Lessee's bank returns a rent check for insufficient funds.  If the bank returns Lessee's rent checks more than once, Lessor may serve 30 days' written notice that all future rent be paid in cash or by certified check or money order.

4.      **Term:**  The term of this Lease will commence on July 15, 2014, and continue until July 15, 2015.  If Lessee holds over after expiration of the term, and Lessor accepts rent from him/her at the above-specified monthly rent, the tenancy will then continue on a month-to-month basis.

5.      **Occupants:**  The premises will be occupied by Michael J. Kilroy.  This section is not intended to in any way limit or prohibit such temporary guests as he might from time to time entertain.

6.      **Condition of Premises:**   Lessor will provide and maintain the premises, including common areas, in a decent, safe and sanitary condition, and will comply with all state

and local laws, ordinances and regulations concerning the condition of the dwelling units. Lessor and Lessee have jointly inspected the premises and noted the condition of the premises and of all fixtures, appliances and furnishings. Lessee agrees that the premises, fixtures, appliances and furnishings are in satisfactory condition.

7.    **Assignment and Subletting:**  Lessee may not assign his interests under this Lease, or sublet any portion of the premises.

8.    **Use of Premises:**  The premises are rented to Lessee for residential purposes only, and may not be used by Lessee for any other purpose.

9.    **Utilities and Services:**  Lessor shall provide all utilities, service charges and maintenance related to occupancy of the premises, including, but not limited to, pool maintenance and gardening.

10.    **Insurance:**  Lessor shall at all times maintain fire, hazard and general liability insurance coverage on the real property. Lessor shall at all times maintain an acceptable form of rental insurance sufficient to cover the value of Lessee's contents and personal property.

11.    **Real Property Taxes:**  Lessee shall be responsible for the payment of the secured real property taxes assessed against the premises during the period of Lessee's occupancy, unless previously paid by Lessor. In the event Lessee fails to pay the tax bills received during Lessee's occupancy prior to the stated delinquency dates, any delinquency charges or interest due on the date of actual payment shall be the responsibility of Lessee. To the extent this Lease expires or is terminated according to its terms, prior to the then upcoming payment date, Lessee shall pay to Lessor the prorated portion of the tax bills represented by the dates of his occupancy. This covenant shall not be extinguished by the vacation of the premises by Lessee.

12.    **Lessee Obligations:**  Lessee agrees to perform the following obligations:

12.1    To keep the premises as clean and sanitary as their condition permits;

12.2    To dispose of all rubbish, garbage and other waste in a clean and sanitary manner;

12.3    To use and operate properly all electrical, gas and plumbing fixtures and pipes, and to keep them as clean and sanitary as their condition permits;

12.4    To refrain from willfully or wantonly destroying, defacing, damaging, impairing, or removing any part of the premises or the facilities, equipment or appurtenances, or permitting any person on the premises to commit such acts; and

~ 2 ~

12.5    To occupy the premises as his residence, utilizing designated portions of the premises for living, sleeping, cooking and dining purposes.

13.    **Indemnification of Lessor:**  Lessee agrees to indemnify Lessor for any liability arising before termination of this Lease, for personal injuries or property damage caused by the negligent, willful, or intentional conduct of Lessee, and/or his guests or invitees.  This indemnification agreement does not waive Lessor's duty of care to prevent personal injury or property damage when that duty is imposed by law.

14.    **Lessee Repairs and Alterations:**  Lessor shall be fully responsible for any repairs or defective conditions on or occurring on the premises.  Lessee shall be responsible for notifying Lessor of the need for such repairs and allow a reasonable time (not to exceed 15 days) for Lessor to arrange for the necessary repairs.  If Lessor does not act within 15 days after notice to affect the repairs, Lessee may have the repairs made and deduct their cost from up to one month's rent.

14.1    Lessee may not make alterations to the premises without first obtaining Lessor's written consent, which may not be unreasonably withheld.

14.2    On completion, any such repairs or alterations become part of the premises.

15.    **Lessor's Entry on Premises:**  On not less than 24 hours' advance notice, Lessee must make the premises available, at a time acceptable to Lessee during normal business hours, for entry by Lessor or his/her agent for the purpose of making necessary or agreed-on repairs, decorations, alterations or improvements or supplying necessary or agreed-on services.

15.1    In case of emergency, or Lessee's abandonment or surrender of the premises, Lessor or his/her agent may enter the premises at any time without securing Lessee's prior permission.

15.2    Lessor/Lessor's agent currently has a key to the premises.  Lessee may not change the lock or add a lock without Lessor's prior written consent, and without furnishing to Lessor/Lessor's agent a key to the changed or added lock.

16.    **Pets:**  Lessee may keep pets on or about the premises, so long as Lessee is in compliance with all local ordinances and regulations.    Lessee shall be responsible for any damage to the Premises or any disturbance of neighboring buildings caused by Lessee's pets.

17.    **Breach of Covenant:**  The parties consider each and every term, covenant, and provision of this Lease to be material and reasonable.

~ 3 ~

17.1    For any breach of a covenant or condition of this Lease, other than a monetary breach, Lessor may, at its option, serve a ten-day notice (1) specifying the nature of the breach, and (2) demanding that Lessee cure the breach if the breach can be cured.  The notice may further declare that, if Lessee fails to cure a curable breach within the ten-day period or if the breach is not curable, the tenancy is terminated and Lessee forfeits all rights under this Lease.

17.2    For any failure to pay rent, Lessor may, at its option, serve a three-day notice to pay or quit.  In the event of Lessee's failure to comply with such notice, Lessor shall have all of the summary rights and obligations set forth in California Codes of Civil Procedure Section 1161 et. seq.  and Civil Code Section 1951et. seq.

18.    **Lessee Conduct:**    Lessee, including his guests or invitees, may not disturb, annoy, endanger, or interfere with other occupants of neighboring buildings.  Lessee may not use the premises for any unlawful purpose, violate any law or ordinance, or commit waste or nuisance on the premises.

19.    **Willful Holding Over; Treble Damages:**    If Lessee willfully and maliciously remains in possession of the premises after expiration of the tenancy, or on termination of the tenancy, Lessor may recover three times the amount of any damages and rent due, as punitive damages.

20.    **Personal Property Remaining on Premises:**    After Lessee vacates the premises, either by expiration of the term or on termination of the tenancy, Lessor must give the notices required by law concerning the disposition of any personal property of Lessee that remains on the premises.  Lessee is responsible for all reasonable costs of storing such personal property.  The property will be released to Lessee or its rightful owner only after Lessee or the rightful owner pays to Lessee the reasonable costs of storage within the time required by law.

21.    **Possession of Premises:**    If Lessor is unable to deliver possession of the premises to Lessee at the commencement of the term specified in this Lease, Lessor will not be liable for any damage caused thereby, nor will this Lease be void or voidable.  Lessor will take reasonable steps to obtain possession of the premises from previous tenants or occupants.  Lessee will not be liable for any rent, however, until the date that possession is actually delivered.  Lessee may terminate this Lease if Lessor fails to deliver possession of the premises within 180 days of commencement of the specified term.

22.    **Fixed-Term Lease; Lessee's Termination for Cause:**    On service of 30 days' written notice, Lessee may, for good cause, terminate this Lease and vacate the premises.  Good cause for termination, which must be specified in the notice, means circumstances beyond Lessee's control that force him/her to vacate the premises, including but not limited to entry on active duty with U.S. military services and employment in another community.

~ 4 ~

23.    **Attorneys' Fees:**  In any legal action brought by either party to enforce the terms of this Lease, the prevailing party is entitled to all costs incurred in connection with such an action, including reasonable attorneys' fees.

24. **Bankruptcy Court Approval:** The parties acknowledge that the lease is subject to the approval of the bankruptcy court. Kilroy further agrees that if, during the term of the lease, any creditor of Domum Locis LLC or party in interest identifies a tenant who is ready, willing and able to enter into a lease agreement for the Property and pay a higher rental rate than the rate under this Agreement, then Kilroy will either (i) have the right to match or increase the proposed new monthly rent amount; or (ii) be required to vacate the Property within sixty days (60) of the Court order approving the new lease agreement.

25.    **No Waiver:**  Waiver by either party of a breach of any covenant of this Lease will not be construed to be a continuing waiver of any subsequent breach.  Lessor's receipt of rent with knowledge of Lessee's violation of a covenant does not waive his/her/their right to enforce any covenant of this Lease.  No waiver by either party of a provision of this Lease will be considered to have been made unless expressed in writing and signed by all parties.

26.    **"Time of the Essence:"**  Time is of the essence of each provision of this Lease.

27.    **Entire Agreement:**  This Lease contains all of the agreements of the parties, and cannot be amended or modified except by written agreement.

28.    **Service of Notice:**  For the purpose of service of process and service of notices and demands, each party may be served personally or by United States Mail at the following addresses:

| | |
|---|---|
| **Lessee** | Michael J. Kilroy<br>1308 North Flores Street<br>West Hollywood, CA 90069 |
| **Lessor** | Domum Locis LLC<br>800 S. Pacific Coast Hwy., Ste. 225<br>Redondo Beach, CA 90277 |

**LESSOR:**                                          **LESSEE:**

DOMUM LOCIS, LLC,
a California limited liability company

_____
MICHAEL J. KILROY

By:_____
       Managing Member

~ 6 ~

# EXHIBIT "C"

# RESIDENTIAL LEASE/RENTAL AGREEMENT

1.      **Parties:**  This Residential Lease Agreement ("Lease") is entered into on July 15, 2014, between Domum Locis, LLC, a California limited liability company ("Lessor"), and Michael J. Kilroy ("Lessee").

2.      **Description of Premises:**  Lessor agrees to rent to Lessee the premises commonly known as 424 W. Vista Chino in Palm Springs, California ("the premises").  The premises also include all built-in equipment and appliances, all lighting, carpeting, window coverings, pool equipment and parking rights.

3.      **Rent:**  Lessee will pay Four Thousand Dollars ($4000.00) rent per month, in advance, to Lessor, on the fifteenth (15th) day of each month.  Rent is payable in immediately available funds made payable to Domum Locis, LLC, or as directed, in writing, by Lessor.

   3.1     **Late Charges:**  Lessee agrees to pay a late charge of ten percent (10%) of the payment then due if the rent is not received by the tenth (10th) day of the month.  This late charge does not establish a grace period; Lessor may make written demand for payment if rent is not paid on its due date.  Lessor and Lessee agree that the charge is presumed to be the damages sustained because of Lessee's late payment of rent, and that it is impracticable or extremely difficult to fix the actual charges.

   3.2     **Returned Checks:**  Lessee agrees to pay a service charge of Thirty-five Dollars ($35.00) if Lessee's bank returns a rent check for insufficient funds.  If the bank returns Lessee's rent checks more than once, Lessor may serve 30 days' written notice that all future rent be paid in cash or by certified check or money order.

4.      **Term:**  The term of this Lease will commence on July 15, 2014, and continue until July 15, 2015.  If Lessee holds over after expiration of the term, and Lessor accepts rent from him/her at the above-specified monthly rent, the tenancy will then continue on a month-to-month basis.

5.      **Occupants:**  The premises will be occupied by Michael J. Kilroy.  This section is not intended to in any way limit or prohibit such temporary guests as he might from time to time entertain.

6.      **Condition of Premises:**  Lessor will provide and maintain the premises, including common areas, in a decent, safe and sanitary condition, and will comply with all state

~ 1 ~

and local laws, ordinances and regulations concerning the condition of the dwelling units. Lessor and Lessee have jointly inspected the premises and noted the condition of the premises and of all fixtures, appliances and furnishings. Lessee agrees that the premises, fixtures, appliances and furnishings are in satisfactory condition.

7.      **Assignment and Subletting:**   Lessee may not assign his interests under this Lease, or sublet any portion of the premises.

8.      **Use of Premises:**   The premises are rented to Lessee for residential purposes only, and may not be used by Lessee for any other purpose.

9.      **Utilities and Services:**   Lessor shall provide all utilities, service charges and maintenance related to occupancy of the premises, including, but not limited to, pool maintenance and gardening.

10.     **Insurance:**   Lessor shall at all times maintain fire, hazard and general liability insurance coverage on the real property. Lessor shall at all times maintain an acceptable form of rental insurance sufficient to cover the value of Lessee's contents and personal property.

11.     **Real Property Taxes:**   Lessee shall be responsible for the payment of the secured real property taxes assessed against the premises during the period of Lessee's occupancy, unless previously paid by Lessor. In the event Lessee fails to pay the tax bills received during Lessee's occupancy prior to the stated delinquency dates, any delinquency charges or interest due on the date of actual payment shall be the responsibility of Lessee. To the extent this Lease expires or is terminated according to its terms, prior to the then upcoming payment date, Lessee shall pay to Lessor the prorated portion of the tax bills represented by the dates of his occupancy. This covenant shall not be extinguished by the vacation of the premises by Lessee.

12.     **Lessee Obligations:**   Lessee agrees to perform the following obligations:

12.1    To keep the premises as clean and sanitary as their condition permits;

12.2    To dispose of all rubbish, garbage and other waste in a clean and sanitary manner;

12.3    To use and operate properly all electrical, gas and plumbing fixtures and pipes, and to keep them as clean and sanitary as their condition permits;

12.4    To refrain from willfully or wantonly destroying, defacing, damaging, impairing, or removing any part of the premises or the facilities, equipment or appurtenances, or permitting any person on the premises to commit such acts; and

12.5    To occupy the premises as his residence, utilizing designated portions of the premises for living, sleeping, cooking and dining purposes.

13.    **Indemnification of Lessor:**    Lessee agrees to indemnify Lessor for any liability arising before termination of this Lease, for personal injuries or property damage caused by the negligent, willful, or intentional conduct of Lessee, and/or his guests or invitees.    This indemnification agreement does not waive Lessor's duty of care to prevent personal injury or property damage when that duty is imposed by law.

14.    **Lessee Repairs and Alterations:**    Lessor shall be fully responsible for any repairs or defective conditions on or occurring on the premises.    Lessee shall be responsible for notifying Lessor of the need for such repairs and allow a reasonable time (not to exceed 15 days) for Lessor to arrange for the necessary repairs.    If Lessor does not act within 15 days after notice to affect the repairs, Lessee may have the repairs made and deduct their cost from up to one month's rent.

14.1    Lessee may not make alterations to the premises without first obtaining Lessor's written consent, which may not be unreasonably withheld.

14.2    On completion, any such repairs or alterations become part of the premises.

15.    **Lessor's Entry on Premises:**    On not less than 24 hours' advance notice, Lessee must make the premises available, at a time acceptable to Lessee during normal business hours, for entry by Lessor or his/her agent for the purpose of making necessary or agreed-on repairs, decorations, alterations or improvements or supplying necessary or agreed-on services.

15.1    In case of emergency, or Lessee's abandonment or surrender of the premises, Lessor or his/her agent may enter the premises at any time without securing Lessee's prior permission.

15.2    Lessor/Lessor's agent currently has a key to the premises.    Lessee may not change the lock or add a lock without Lessor's prior written consent, and without furnishing to Lessor/Lessor's agent a key to the changed or added lock.

16.    **Pets:**    Lessee may keep pets on or about the premises, so long as Lessee is in compliance with all local ordinances and regulations.    Lessee shall be responsible for any damage to the Premises or any disturbance of neighboring buildings caused by Lessee's pets.

17.    **Breach of Covenant:**    The parties consider each and every term, covenant, and provision of this Lease to be material and reasonable.

~ 3 ~

17.1   For any breach of a covenant or condition of this Lease, other than a monetary breach, Lessor may, at its option, serve a ten-day notice (1) specifying the nature of the breach, and (2) demanding that Lessee cure the breach if the breach can be cured. The notice may further declare that, if Lessee fails to cure a curable breach within the ten-day period or if the breach is not curable, the tenancy is terminated and Lessee forfeits all rights under this Lease.

17.2   For any failure to pay rent, Lessor may, at its option, serve a three-day notice to pay or quit. In the event of Lessee's failure to comply with such notice, Lessor shall have all of the summary rights and obligations set forth in California Codes of Civil Procedure Section 1161 et. seq. and Civil Code Section 1951et. seq.

18.   **Lessee Conduct:**   Lessee, including his guests or invitees, may not disturb, annoy, endanger, or interfere with other occupants of neighboring buildings. Lessee may not use the premises for any unlawful purpose, violate any law or ordinance, or commit waste or nuisance on the premises.

19.   **Willful Holding Over; Treble Damages:**   If Lessee willfully and maliciously remains in possession of the premises after expiration of the tenancy, or on termination of the tenancy, Lessor may recover three times the amount of any damages and rent due, as punitive damages.

20.   **Personal Property Remaining on Premises:**   After Lessee vacates the premises, either by expiration of the term or on termination of the tenancy, Lessor must give the notices required by law concerning the disposition of any personal property of Lessee that remains on the premises. Lessee is responsible for all reasonable costs of storing such personal property. The property will be released to Lessee or its rightful owner only after Lessee or the rightful owner pays to Lessee the reasonable costs of storage within the time required by law.

21.   **Possession of Premises:**   If Lessor is unable to deliver possession of the premises to Lessee at the commencement of the term specified in this Lease, Lessor will not be liable for any damage caused thereby, nor will this Lease be void or voidable. Lessor will take reasonable steps to obtain possession of the premises from previous tenants or occupants. Lessee will not be liable for any rent, however, until the date that possession is actually delivered. Lessee may terminate this Lease if Lessor fails to deliver possession of the premises within 180 days of commencement of the specified term.

22.   **Fixed-Term Lease; Lessee's Termination for Cause:**   On service of 30 days' written notice, Lessee may, for good cause, terminate this Lease and vacate the premises. Good cause for termination, which must be specified in the notice, means circumstances beyond Lessee's control that force him/her to vacate the premises, including but not limited to entry on

active duty with U.S. military services and employment in another community.

23. **Bankruptcy Court Approval:** The parties acknowledge that the lease is subject to the approval of the bankruptcy court. Kilroy further agrees that if, during the term of the lease, any creditor of Domum Locis LLC or party in interest, identifies a tenant who is ready, willing and able to enter into a lease agreement for the Property and pay a higher rental rate than the rate under this Agreement, then Kilroy will either (i) have the right to match or increase the proposed new monthly rent amount; or (ii) be required to vacate the Property within sixty days (60) of the Court order approving the new lease agreement.

24. **Attorneys' Fees:** In any legal action brought by either party to enforce the terms of this Lease, the prevailing party is entitled to all costs incurred in connection with such an action, including reasonable attorneys' fees.

25. **No Waiver:** Waiver by either party of a breach of any covenant of this Lease will not be construed to be a continuing waiver of any subsequent breach. Lessor's receipt of rent with knowledge of Lessee's violation of a covenant does not waive his/her/their right to enforce any covenant of this Lease. No waiver by either party of a provision of this Lease will be considered to have been made unless expressed in writing and signed by all parties.

26. **"Time of the Essence:"** Time is of the essence of each provision of this Lease.

27. **Entire Agreement:** This Lease contains all of the agreements of the parties, and cannot be amended or modified except by written agreement.

28. **Service of Notice:** For the purpose of service of process and service of notices and demands, each party may be served personally or by United States Mail at the following addresses:

**Lessee**      Michael J. Kilroy
            1308 North Flores Street
            West Hollywood, CA 90069


**Lessor**      Domum Locis LLC
            800 S. Pacific Coast Hwy., Ste. 225
            Redondo Beach, CA 90277

**LESSOR:**                                            **LESSEE:**

DOMUM LOCIS, LLC,
a California limited liability company

                                                      MICHAEL J. KILROY

By:_____
        Managing Member

# EXHIBIT "D"

<u>CL</u> > <u>los angeles</u> > <u>central LA</u> > <u>all housing</u> > <u>apts/housing for rent</u>          [ <u>account</u> ]

contact          x <u>prohibited</u> [2]   Posted: 12 days ago

# $8500 / 6br - Newer Home with Gourmet Kitchen, Laundry Room, and Yard (The Grove - West Hollywood)





© craigslist - Map data © OpenStreetMap

### 419 Laurel Ave

(<u>google map</u>) (<u>yahoo map</u>)

**6BR / 6Ba**   house   available now

w/d hookups   attached garage

Large gated newer home built in 2006. 6 bedrooms, 6 baths. Five bedrooms upstairs and one bedroom down. Master suite w/ balcony, spa tub, fireplace, walk in closet. Gourmet kitchen w/Viking range, center island, and breakfast area overlooking yard. Wood floors, laundry room, and fireplace in living room. Formal dining room, direct garage entry, alarm system, extra parking.

Call Liana Cryns for assistance!

www.LianaSellsLA.com

Courtesy of Coldwell Banker Residential Brokerage

http://www.californiamoves.com/property/details/3725275/MLS-14-757193/419-Laurel-Ave-Los-Angeles-Miracle-Mile-CA-90048.aspx?
SearchID=36158581&RowNum=2&StateID=9&RegionID=4&IsRegularPS=True&IsSold=False&IsBranded=1&AgentID=1

- do NOT contact me with unsolicited services or offers

post id: 4543126300     posted: 12 days ago     updated: 9 hours ago     <u>email to friend</u>     ♥ <u>best of</u> [2]

Please flag <u>discriminatory housing ads</u>

<u>Avoid scams, deal locally!</u> DO NOT wire funds (e.g. Western Union), or buy/rent sight unseen

Newer Home with Gourmet Kitchen, Laundry Room, and Yard

7/10/14 6:07 PM

© 2014 craigslist    help    safety    privacy    feedback    cl jobs    terms    about    mobile

$5,800 / 4 Br– 6,288 sqft This charming Cape Cod duplex is surrounded

7/10/14 6:05 PM

<u>CL</u> > <u>los angeles</u> > <u>westside-southbay</u> > <u>all housing</u> > <u>apts/housing for rent</u>    [ <u>account</u> ]

reply below    x <u>prohibited</u> [2]    Posted: 15 days ago

# $5800 / 4br - 6288ft² - $5,800 / 4 Br- 6,288 sqft This charming Cape Cod duplex is surrounded (950 OGDEN DR, West Hollywood, CA )

This charming Cape Cod duplex is surrounded by beautifully hedged gardens creating a private oasis for the renters. One unit has 3 bedrooms, 1.5 baths and water filtration system. The second unit is a sunny one bed & one bath. Lovely hardwood floors throughout. Central heat and AC. Roof is approx. 4yrs. Updated electrical, copper plumbing and tankless water heater. The original charm is retained in this very special place. The lush gardens include rose gardens, citrus trees & outdoor spa with surround decking. THE PROPERTY IS AVAILABLE FOR UP TO 1 YEAR ONLY. FLEXIBLE LEASE OPTIONS AVAILABLE - SHORT-TERM OK. ALSO, POSSIBLE TO LEASE OUT EACH UNIT SEPARATELY SINCE BOTH HAVE THEIR OWN PRIVATE ENTRANCES AND FRONT YARDS. CALL FOR PRICING AND MORE INFO.



© craigslist - Map data © OpenStreetMap

ADDITIONAL DETAILS:
http://westsidehomefinder.com/idx/mls-14771753-950_ogden_dr_west_hollywood_ca_90046

950 OGDEN DR,
(google map) (yahoo map)

| 4BR | 6288ft² | duplex | available jun 22 |

you will be redirected to our Mobile site if you are on a Smartphone or Tablet.

- do NOT contact me with unsolicited services or offers

post id: 4539410529    posted: 15 days ago    updated: 9 hours ago    email to friend    ♥ best of [2]

Please flag <u>discriminatory housing ads</u>

<u>Avoid scams, deal locally!</u> DO NOT wire funds (e.g. Western Union), or buy/rent sight unseen

┌─ No contact info? ─────────────────────
│ if the poster didn't include a phone number, email, or
│ other contact info, craigslist can notify them via email. [ Send Note! ]
└────────────────────────────────────────

© 2014 craigslist    <u>help</u>    <u>safety</u>    <u>privacy</u>    <u>feedback</u>    <u>cl jobs</u>    <u>terms</u>    <u>about</u>    <u>mobile</u>

Prime Weho Newly Renovated 4+5 Home w/ Guest House                                    7/10/14 6:07 PM

CL > los angeles > central LA > all housing > apts/housing for rent

[ account ]

[ contact ]          X prohibited [2]       Posted: 22 days ago

# $6995 / 4br - 2400ft² - Prime Weho Newly Renovated 4+5 Home w/ Guest House (West Hollywood)





© craigslist - Map data © OpenStreetMap

Almont

(google map) (yahoo map)



| 4BR / 5Ba | 2400ft² | house |

available now

attached garage

| cats are OK - purrr | dogs are OK - wooof |

Newly Renovated, Super Charming One-Story Traditional Home Located In Beautiful, Sunny & Prime Area Of West Hollywood, Between 3rd Street And Beverly Blvd. This Super Bright And Spacious Home Features An Open Floor Plan With 3 Large Bedrooms, 3 Bathrooms And A Separate Guest Powder Room. This Home Also Includes A Grand Guest House With One Bedroom, Separate Living Room And Bathroom. It Has Hardwood Floors Throughout, A 2-Car Garage With A Long Driveway And Grassy Backyard. The Inclusion of The 1 Bd & 1 Bth of The Guest House & The Additional Separate Powder Room Gives This Home 4 Bds & 5 bths. This Home Is Perfect For Entertaining! Just Blocks From Robertson Blvd & Beverly Hills.


***Call, Email or Text for more information***

Steven R. Johnson
Keller Williams Realty
( show contact info )
DRE# 01930497


***I AM NOT THE EXCLUSIVE AGENT OR OWNER OF THIS PROPERTY. I'M A THIRD PARTY AGENT THAT IS ASSOCIATED WITH A REAL ESTATE BROKERAGE. ALL THE INFORMATION FOR THIS LISTING WAS GATHERED FROM THE MLS AND OTHER PARTNERING WEBSITES***

- do NOT contact me with unsolicited services or offers


post id: 4527396878      posted: 22 days ago      updated: a day ago        email to friend        ♥ best of [2]


Please flag discriminatory housing ads

Avoid scams, deal locally! DO NOT wire funds (e.g. Western Union), or buy/rent sight unseen

© 2014 craigslist    help    safety    privacy    feedback    cl jobs    terms    about    mobile

# EXHIBIT "E"

Privet estate

6/29/14 8:13 PM

| contact |    x  prohibited [2]    Posted: 15 days ago

## $5500 / 5br - 4300ft² - Privet estate (palm springs)



**5**BR / **4**Ba    **4300**ft²    house

available jul 01

w/d in unit    attached garage



Over 4,300 sqft house on 1/2 acre, privet gated and fully landscape, in the best location in Palm Springs. House has 4 bedrooms, 4 bathrooms, and a full casita, all new, include resort style pool.
Call or txt guy at  | show contact info |

- do NOT contact me with unsolicited services or offers

post id: 4520634037    posted: 15 days ago    email to friend    ♥ best of [2]

Please flag discriminatory housing ads

Avoid scams, deal locally! DO NOT wire funds (e.g. Western Union), or buy/rent sight unseen

© 2014 craigslist    help    safety    privacy    feedback    cl jobs    terms    about    mobile

Spectacular Home For Lease                                                                 6/29/14 8:14 PM

CL > palm springs > all housing > apts/housing for rent                          [ account ]

contact      x prohibited [2]    Posted: 2 months ago

## $4900 / 4br - 4330ft² - Spectacular Home For Lease (Palm Springs )





© craigslist - Map data © OpenStreetMap

**777 W Panorama Rd**
(google map) (yahoo map)

4BR / 5Ba  **4330ft²**  furnished  house

available now

laundry in bldg   attached garage



Amazing home for rent or sale, by owner, in Palm Springs. The ultimate "pad" in Palm Springs this elevated contemporary estate offers some of the finest views the hillside has to offer. Located in the architectural enclave of Little Tuscany with south facing pool area the property hovers over the entire city. From the street, people will always wonder what kind of home is behind the walls - but your friends and family will have their stomach sink when they walk into the living room and the view unfolds in front of them. It is a real experience every time. The home has been extensively and expertly renovated and redesigned offering some of the finest contemporary style Palm Springs has to offer. Kitchen and bathrooms are modern and dynamic with a James Bond feel and the living spaces offer the same. The master wing offers fireplace and two separate bathrooms, while the other 2 bedrooms and separate guest house offer plenty of separation. It's ideal for weekend entertaining. Palm Springs cool perfected.

Available June 1st for lease; $4,900 a month, plus utilities. This is not a scam. Available for contact through phone or email. Serious Inquiries only.

- do NOT contact me with unsolicited services or offers

post id: 4457070934   posted: 2 months ago   updated: a month ago   email to friend   ♥ best of [2]

Please flag discriminatory housing ads

Avoid scams, deal locally! DO NOT wire funds (e.g. Western Union), or buy/rent sight unseen

© 2014 craigslist   help   safety   privacy   feedback   cl jobs   terms   about   mobile

| In re:<br>Domum Locis LLC<br><br>DEBTOR(S). | CHAPTER : 11<br><br>CASE NUMBER : 2:14-bk-23301-RK |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
Cypress, LLP, 11111 Santa Monica Blvd., Suite 500, Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled: <u>NOTICE OF MOTION AND MOTION TO APPROVE
RESIDENTIAL LEASE AGREEMENTS; MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION OF MICHAEL J. KILROY IN SUPPORT THEREOF</u> will be served or was served **(a)** on the
judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>7/14/14</u>, I
checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons
are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Howard S Levine                          howard@cypressllp.com, jennifer@cypressllp.com
Alvin Mar                                    alvin.mar@usdoj.gov
United States Trustee (LA)            ustpregion16.la.ecf@usdoj.gov
                                                                  ☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On <u>7/14/14</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or
adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class,
postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will
be completed</u> no later than 24 hours after the document is filed.
**DEBTOR**
Domum Locis LLC
800 South Pacific Coast Hwy Suite 225
Redondo Beach, CA 90277

                                                                  ☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on <u>7/14/14</u>, I served the following
persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service
method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal
delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
**PRESIDING JUDGE'S COPY - Via Overnight Service - Norco**
Honorable Robert N. Kwan
United States Bankruptcy Court
Edward R. Roybal
255 E. Temple Street, Suite 1682
Los Angeles, CA 90012

☒                                                               Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/14/14 | Jennifer Roldan | *Jennifer Roldan* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| In re:<br>Domum Locis LLC | CHAPTER : 11 |
| DEBTOR(S). | CASE NUMBER : 2:14-bk-23301-RK |

**Secured Creditors Served By Overnight Mail**
Lloyds Bank PLC
25 Greshma Street
London, UK
EC2V7HN

Lloyds Bank PLC
1095 Avenue Of The Americas, 34th Floor
New York, NY 10036

Squire Patton Boggs (Attorney for Lloyds Bank)
Anne Choi Goodwin
555 South Flower Street 31st Floor
Los Angeles, CA 90071

Squire Patton Boggs (Attorney for Lloyds Bank)
Martha S. Sullivan
4900 Key Tower 127 Public Square
Cleveland, OH 44114

**Agent for Service of Process for Lloyds Bank PLC**
**SERVED BY UNITED STATES MAIL**
CT Corporation Systems
818 West Seventh St 2nd Floor
Los Angeles CA 90017

**Second Deed of Trust Served By Overnight Mail**
Jack Cameron
2632 W. Torrance Blvd., Suite201
Torrance, CA 90505

**SERVED BY UNITED STATES MAIL:**
**TRUSTEE**
United States Trustee
725 South Figueroa Street 26th Floor
Los Angeles, CA 90017

**Counsel for Receiver**
Dawn M Coulson
Jeffrey A Cohen
EPPS and COULSON
707 Wilshire Blvd Suite 3000
Los Angeles, CA 90017

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

| In re:<br>Domum Locis LLC<br><br>                                    DEBTOR(S). | CHAPTER : 11<br><br>CASE NUMBER : 2:14-bk-23301-RK |
|---|---|

**Receiver**
Robert C. Warren
Investors' Property Services
15707 Rockfield Boulevard, Suite 225
Irvine, CA 92618

**Counsel for Mr. Kilroy**
Dinsmore and Sandelmann LLP
Lewis Stevenson and Frank Sandelmann
324 Manhattan Beach Blvd Suite 201
Manhattan Beach, CA 9026

**Unsecured Priority Claims**
County of Riverside Treasurer
Tax Collector
4080 Lemon Street
PO Box 12005
Riverside, CA 92502

Treasurer and Tax Collector
225 N Hill Street
Los Angeles, CA 90012

**Unsecured NonPriority Claims**
Gregory L. Delgado
11 Lariat Lane
Rolling Hills Estates, CA 90274

Benjamin Larkin
2416 SE 70th Ave
Portland, OR 97206

Brigante, Cameron, Watters and Stroing LLP
3424 West Carson Street Suite 600
Torrance, CA 90503

Raymundo Garcia
67190 San Gabriel Circle East
Cathedral City, CA 92234

The Kilroy Companies LLC
800 S Pacific Coast Hwy
Redondo Beach, CA 90277

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| In re:<br>Domum Locis LLC | CHAPTER : 11 |
|---|---|
| DEBTOR(S). | CASE NUMBER : 2:14-bk-23301-RK |

Tammy Stocker
8851 Bold Ruler Lane
Riverside, CA 92509

Bonita S Mosher Esq
Law Offices of Bonita S Mosher
2564 Via Tejon
Palos Verdes Estates, CA 90274

**Executory Contracts and Unexpired lease holders**
Stacy Vuduris
8313A Fountain Ave
West Hollywood, CA 90069

Mike Greenfield
8313B Fountain Ave
West Hollywood, CA 90069

Steve Echoldt
8313C Fountain Ave
West Hollywood, CA 90069

Felica Gordon
8313D Fountain Ave
West Hollywood, CA 90069

Jisoon Lee
8319A Fountain Ave
West Hollywood, CA 90069

Korfish
1614 The Strand
Hermosa Beach, CA 90254

Bill Vukovich
1618 The Strand
Hermosa Beach, CA 90254

Jordn Lee
1310 N Flores Street
West Hollywood, CA 90069

Tim and Jackie Hayes
1310 N Flores Street
West Hollywood, CA 90069

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**