**FILED & ENTERED**

**APR 25 2016**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** tatum    **DEPUTY CLERK**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>DOMUM LOCIS LLC,<br><br>　　　　　Debtor. | Case No. 2:14-bk-23301-RK<br><br>Chapter 11<br><br>**ORDER CONTINUING HEARING ON FINAL FEE APPLICATION OF EPPS & COULSON, LLP, ATTORNEYS FOR ROBERT C. WARREN, CHAPTER 11 CUSTODIAN**<br><br>Hearing:<br>Date: April 27, 2016<br>Time: 11:00 a.m.<br>Place: Courtroom 1675<br>　　　　255 East Temple Street<br>　　　　Los Angeles, CA 90012<br><br>Continued Hearing:<br>Date: June 21, 2016<br>Time: 2:30 p.m.<br>Place: Courtroom 1675<br>　　　　255 East Temple Street<br>　　　　Los Angeles, CA 90012 |

　　　The *Final Fee Application of Epps & Coulson, LLP, Attorneys for Robert C. Warren, Chapter 11 Custodian*, ECF 306, is scheduled to come on for hearing before the undersigned United States Bankruptcy Judge on April 27, 2016 at 11:00 a.m.  The final fee application has been objected to by several parties, including Debtor and Creditor Lloyds

Bank, which indicates that the application should be considered a contested matter under Federal Rule of Bankruptcy Procedure 9014.  The court is not sure that it is appropriate for it to consider the fee application on a final basis and payment of the claimed fees as an administrative expense claim under 11 U.S.C. § 503 on a final basis since this Chapter 11 case is nowhere close to resolution through plan confirmation proceedings, the other administrative expense claims with the same priority have not been resolved and the ability of the bankruptcy estate at this time to pay the claimed fees or any other administrative expense claims, including the claimed fees of counsel for Debtor, is doubtful at this time. 11 U.S.C. § 503; *In re Verco Industries,* 20 B.R. 664, 664-665 (9th Cir. BAP 1982)("The determination of when an administrative expense is to be paid is within the discretion of the trial court."); 4 Resnick and Sommer, *Collier on Bankruptcy,* ¶ 503.03[2] at 503-14 – 503-15 (16th ed. 2015)("Generally, courts have held that the timing of payment of administrative claims is a matter to be determined within the discretion of the bankruptcy court.  Factors influencing the exercise of this discretion may include the status of the case, the ability of the debtor to pay present claims, the particular needs of the administrative claimants and the possibility that future administrative claims may not be paid in full."), *citing inter alia, In re Verco Industries, supra*; *see also,* Federal Rule of Bankruptcy Procedure 3021 (generally providing that distributions to creditors in a Chapter 11 case are made after a plan is confirmed); Local Bankruptcy Rule 2016-2(c)(3)(A)("Unless otherwise ordered by the court, a final fee application by the trustee, if any, and each professional person employed in a chapter 11 case must be filed and set for hearing as promptly as possible after confirmation of a plan.").   The court exercises its discretion regarding the allowance of administrative expense claims to continue the hearing on final allowance of the claimed fees of applicant counsel for the Chapter 11 Custodian from April 27, 2016 at 11:00 a.m.

///

///

2

1 | to June 21, 2016 at 2:30 p.m. so that it may be heard with the First and Interim Fee
2 | Application of Cypress LLP, counsel for Debtor, another administrative expense claimant, if
3 | not later, in light of the current status of the case and other factors.  No appearances are
4 | required at the April 27, 2016 hearing.

5 | **IT IS SO ORDERED.**

6 | ###

Date: April 25, 2016

Robert Kwan
United States Bankruptcy Judge

3